IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| United States of America, | ) | C/A No.: 2:11-1528-DCN-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Various Vehicles, Funds, and Real | ) | |
| Properties Described in Attachment A, | ) | |
| | ) | |
| Defendants *In Rem*. | ) | |
| _____ | ) | |

The United States of America ("USA") filed this civil action *in rem* pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C) on June 22, 2011 seeking the forfeiture of property alleged to be the proceeds of wire fraud and health care fraud and involved in money laundering. [Entry #1]. The properties sought in the forfeiture include 1) ten vehicles, 2) funds from fifteen banks and/or certificates of deposit, 3) the residential real property of Truman L. Lewis at 5531 Linda Vista Lane, Charlotte, North Carolina, and 4) the residential real property of Harry T. Lewis described as 3.98 acres located in Williamsburg County, South Carolina (collectively "Defendant Properties"). [Entry #1-1].

On July 19, 2011, Truman Lewis and Harry T. Lewis each filed a "Motion for Return of Property." [Entry #6, #7]. On July 21, 2011, Darius D. LaGroon filed a "Motion to Dismiss." [Entry #8]. On August 3, 2011, Truman Lewis filed a "Motion to Appoint Counsel." By order dated August 25, 2011, this case was referred to the undersigned United States Magistrate Judge for all pretrial management and motions handling. [Entry #42].

I.    Factual and Procedural Background

Pursuant to Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), the USA provided a Notice of Judicial Forfeiture Action ("Notice") dated July 1, 2011 to each of the following individuals ("Potential Claimants"): 1) Harry and Barbara Lewis; 2) Malik Duel Davis; 3) Truman Lewis; 4) Darius LaGroon; and 5) Norman and Melanie Lewis. [Entry #5]. The Notices informed the Potential Claimants that if they wished to contest the forfeiture of the Defendants' Properties, they must file: a) a Claim asserting an interest in the properties no later than 35 days after the date of the Notice, and b) an answer to the complaint (or Fed. R. Civ. P. 12 motion) no later than 21 days after the filing of the Claim. *Id*. The docket reflects no answer to the complaint or other responsive pleading having been filed by any of the Potential Claimants. Further, it appears that no Claim has been filed pursuant to Supplemental Rule G(5).

The personal properties (except one vehicle) were seized pursuant to seizure warrants issued by the undersigned Magistrate Judge. Although the United States previously filed lis pendens related to the real properties, such filing does not constitute a seizure under 18 U.S.C. § 985(b)(2). The real properties have not been otherwise seized, and under 18 U.S.C. § 985(b)(1)(A), real property is generally not subject to seizure prior to the entry of a court order of forfeiture. Because the total value of the seized personal properties exceeds $500,000, 19 U.S.C. § 1607 requires judicial forfeiture of such properties (rather than administrative (nonjudicial) forfeiture). Further, 18 U.S.C. § 985(a) mandates that civil

2

forfeiture of real property can only proceed by judicial forfeiture.

The Complaint in this matter was filed on June 22, 2011, and alleges a scheme to defraud Medicaid by Helping Hands Youth and Family Services, Inc. ("Helping Hands") and various individuals associated with Helping Hands. The scheme allegedly involved billing Medicaid for services not rendered and for medically-unnecessary services ostensibly rendered through Medicaid's "Children's Behavioral Health Services" program. The USA alleges that such activities constituted a fraud scheme, in violation of 18 U.S.C. § 1343 ("wire fraud") and § 1347 ("health care fraud").

The Complaint alleges that the Defendant Properties are subject to civil forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A), as property involved in money laundering violations under 18 U.S.C. §§ 1956 or 1957; and/or subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), as property constituting or traceable to violations of offenses which are specified unlawful activities.

II.   Discussion

A.   Motions to Dismiss and/or Return of Property

In their pro se motions, Truman Lewis, Harry Lewis, and Darius LaGroon ("Movants"), seek dismissal of the forfeiture Complaint in this case, and/or the return of various properties. Specifically, Truman Lewis and Harry Lewis assert there were constitutional or statutory violations associated with these proceedings, including alleged undue delay in initiating judicial forfeiture, which they argue justifies dismissal of the Complaint and return of the seized property. LaGroon seeks the return of a 2007 Mercedes

based upon alleged hardship and lack of probable cause.

Because of its effect on the jurisdiction of this court, the undersigned will first address the issue of the Movants' Article III standing to contest the forfeiture of the Defendant Properties. *See United States v. Real Property Located at 5201 Woodlake Drive*, 895 F.Supp. 791, 793 (M.D.N.C. 1995) (Article III standing is threshold question because of limitation of court jurisdiction to cases and controversies).  Generally, a bare assertion of ownership, even under oath, is insufficient to establish standing in a civil forfeiture proceeding. *See id.*

Much of the litigation in civil forfeiture cases turns on the claimant's standing to intervene in the forfeiture case.  Requiring the claimant to state the nature of his interest in the property at the outset of the case allows the Government to commence discovery on the standing issue in accordance with Rule G(6) without having to guess at the nature of the interest being asserted, and allows the court to dispose of claims that lack merit as a matter of law before the case consumes significant judicial resources.

Rule G establishes certain requirements for any person wishing to contest the proposed forfeitures, including the filing of both a Claim and an Answer (or a Rule 12 motion). Pursuant to Rule G(5)(a), the Claim must: (1) identify the specific property claimed; (2) identify the claimant, and the claimant's interest in the property; (3) be signed by the claimant under penalty of perjury; and (4) be served on the attorney for the government. Rule 5(G) requires that any Claim must be filed within 35 days of the Notice, which in this case was sent on July 1, 2011.  Therefore, any person wishing to contest the forfeiture was required to file a Claim no later than August 5, 2011, and an Answer (or Rule 12 motion)

4

within 21 days of filing the Claim. To date, none of the Movants has filed a Claim.

To the extent that Truman Lewis and Harry Lewis filed motions seeking the return of certain properties, their motions do not qualify as Claims, as they (1) fail to identify their interest in the properties, and (2) are not properly verified under penalty of perjury. Similarly, while LaGroon filed a motion seeking the return of a 2007 Mercedes which he claims to have exchanged with Truman Lewis for LaGroon's personal truck, he, too, has failed to file a Claim and Answer in compliance with Rule G(5).

      1.    Interest in Property

Courts differ on the applicable test to determine whether a claimant has a possessory or ownership interest in the seized property for purposes of establishing standing to contest a civil forfeiture. While some "courts have . . . considered an affirmation or statement under oath that one is the owner of seized property sufficient to establish standing," other courts require the claimant to proffer "some evidence of ownership interest." *United States v. Funds from Prudential Sec.*, 300 F.Supp.2d 99, 106–07 (D.D.C. 2004) (listing courts that ascribe to each test). In applying the second test, courts "generally look to dominion and control, such as possession, title, [and] financial stake, as evidence of an ownership interest." *Id.* at 107 (internal quotation marks and citation omitted).     Although there is no published Fourth Circuit opinion adopting either test for civil forfeitures, the Fourth Circuit has applied the "dominion and control" test in an unpublished civil forfeiture opinion and in the criminal forfeiture context. *United States v. 1077 Kittrell Street*, No. 90-2759, 1991 WL 227792, at *1, (4th Cir. Nov. 7, 1991); *United States v. Bryson (In re Bryson)*, 406 F.3d 284, 291 (4th

5

Cir. 2005) (criminal forfeiture); *United States v. Morgan*, 224 F.3d 339, 343 (4th Cir. 2000)

(same).  At any rate, the burden of establishing standing rests with the claimant and must be

supported at each stage of the litigation.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561

(1992).

                    2.     Verification Under Penalty of Perjury

Rule G(5)(a)(i)(C) states expressly that the claim must be signed "by the claimant"

under penalty of perjury. If the claim is not properly verified, the court will dismiss it for lack

of statutory standing. *See States v. Commodity Account No. 54954930 at Saul Stone & Co.*,

219 F.3d 595, 598 (7th Cir. 2000) (failure to verify the claim results in dismissal for lack of

statutory standing); *United States v. $138,381 in U.S. Currency*, 240 F. Supp. 2d 220, 226

(E.D.N.Y. 2003) (dismissing unverified claim, as verification on oath or affirmation is an

essential element of a claim under Rule C(6)).

Further, the verification requirement defends against the filing of false claims. As the

Sixth Circuit has noted, "Verification forces the claimant to place himself at risk of perjury

for a false claim. Therefore, the Government's insistence on a verified claim is not . . . form

over substance." *United States v. 35 Firearms*, 123 Fed. Appx. 204 (6th Cir. 2005); *accord*,

*United States v. $125,934.62*, 370 F.3d 1325, 1328 (11th Cir. 2004) (a verified claim is

essential to conferring statutory standing and is necessary to deter the filing of false claims;

the claim must be verified by the claimant, not by counsel); *but see*, *United States v.*

*$4,629.00 in U.S. Currency*, 359 F. Supp. 2d 504, 507 (W.D. Va. 2005) (pro se claimant

substantially complies with the verification requirement in Rule C(6) when he files a signed

but unverified claim).

      3.      Movants' Failure to File Claim Pursuant to Rule G(5)

Because none of the Movants have filed judicial Claims, they have no statutory standing to file a motion to dismiss under Rule 12. Civil forfeiture claimants have the burden of establishing standing by showing "a legally cognizable interest in the property that will be injured if the property is forfeited to the government." *United States v. 7,000.00 in U.S. Currency*, 583 F.Supp.2d 725, 729 (M.D.N.C. 2008) (*quoting United States v. $38,000.00 in U.S. Currency*, 816 F.2d 1538, 1543 (11th Cir. 1987)). "Courts generally do not deny standing to a claimant who is either the colorable owner of the [property] or who has any colorable possessory interest in it." *United States v. Contents of Accounts Nos. 3034504504 and 144-07143*, 971 F.2d 974, 985 (3d Cir. 1992).

In light of the foregoing law, it is clear that the Movants have failed to file judicial Claims, as required by 18 U.S.C. 983(a)(4) and Supplemental Rule G, and that until they have done so, any ruling on the substantive merits of their motions would be premature, based upon their failure to possess the requisite statutory standing to file or litigate the instant motions. Accordingly, the undersigned recommends that the motions to dismiss be denied for failure to file a judicial Claim. Because Movants have failed to file judicial Claims giving them standing in this case, the court does not reach the substantive merits of their motions.

     B.     Time to File Claim and Answer

Rule G(4)(b)(ii) provides for a "claims filing deadline" of at least 35 days after direct

7

notice is sent to known potential claimants. The deadline for the filing of a claim is intended "to force claimants to come forward as soon as possible after forfeiture proceedings have been initiated so that all interested parties can be heard and the dispute resolved without delay." *See United States v. One Parcel of Real Property Known as 16614 Cayuga Road*, 69 Fed. Appx. 915, 921 (10th Cir. 2003); *United States v. $230,963.88 in U.S. Currency*, 2000 WL 1745130, at 3-4 (D.N.H. 2000) (the time limits in Rule C(6) [predecessor to Rule G] exist to force claimant to come forward as soon as possible after forfeiture proceedings have begun and to prevent false claims; therefore they are strictly enforced; ignorance of the time limits is not "excusable neglect"). In most cases, the filing deadline is strictly enforced: a claim that is filed out of time is subject to a motion to strike for lack of statutory standing. However, the court has the discretion to extend the filing deadline in appropriate circumstances. *See* Rule G(5)(a)(ii).

Supplemental Rule G(5)'s "requirement that both a claim and an answer be filed is plain and unambiguous . . . . Strict compliance with the rule requires both a claim and an answer." *U.S. v. Ford 250 Pickup 1990 VIN No. 1FTHX26M1LKA69552*, 980 F.2d 1242, 1245 (8th Cir. 1992) (citation omitted); *see also United States v. Commodity Account No. 549 54930 at Saul Stone & Co.*, 219 F.3d 595, 598 (7th Cir. 2000) (even though claimant argued that his unverified claim obviated need for answer, "it was proper for the district court to insist upon a timely answer" because strict compliance with standing aspects of Supplemental Rules is typically required); *United States v. 328 Pounds More or Less, of Wild American Ginseng*, 347 F.Supp.2d 241, 249 (W.D.N.C. 2004) (dismissing claim where

8

claimant failed to comply with Supplemental Rules requirements, including filing of an answer); *United States v. $19,840.00 in U.S. Currency More or Less*, 552 F.Supp.2d 632, 636 (W.D.Tex. 2008) ("In order to defend against a forfeiture, a claimant must timely file both a claim and an answer.").

Although a court has the discretion to extend the filing deadline for "good cause," Supp. R. G(5)(a)(ii), Movants have not identified any such circumstances. In considering the relevant factors, the court finds no basis for excusing Movants from compliance with the filing deadline because they were aware of the seizure and have provided no reasons for the delay in filing claims. However, to the extent that the court determines that Movants' motions and letters to the court suffice as good cause such that the court would consider entertaining the merits of the Movants' claims, it is recommended that the Potential Claimants be permitted an additional 35 days from the District Judge's Order within which to file and serve a proper Claim and Answer in compliance with Rule G(5), under penalty of perjury, as indicated in the original Notice sent to them. It is further recommended that the District Judge warn the Potential Claimants that their failure to filed a proper Claim and Answer in compliance with Rule G(5) may result in their waiver of any rights they may have to contest the forfeiture of the Defendant Properties.

C.     Motion to Appoint Counsel by Truman Lewis

Truman Lewis has also filed a motion asking that the court appoint him an attorney under CAFRA (18 U.S.C. § 983), because the United States is seeking forfeiture of real property located at 5531 Linda Vista Lane, Charlotte, NC 28216, which Truman Lewis says

9

is his primary residence.

For the same reasons as above, the motion should be denied because Truman Lewis has failed to file a Claim pursuant to the requirements of Supplemental Rule G(5), and therefore lacks standing to file or have heard any motions in this action. Further, while Section 983(b) provides for court-appointed counsel under certain limited circumstances in civil forfeiture cases, including where the property subject to forfeiture is real property being used as a person's primary residence (Section 983(b)(2)(A)), Truman Lewis has failed to make out an adequate showing satisfying all of the requirements of Section 983 (b)(2)(A), including that he is financially unable to obtain representation by counsel.

III.    Conclusion and Recommendation

Because Movants have failed to file judicial Claims giving them standing in this case, the undersigned recommends that their motions be denied.

IT IS SO RECOMMENDED.

October 25, 2011                                     Shiva V. Hodges
Florence, South Carolina                            United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

10