IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| United States of America, | ) | C/A No. 2:11-1528-DCN-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Various Vehicles, Funds, and Real | ) | |
| Properties Described in Attachment A, | ) | |
| | ) | |
| Defendants *In Rem*. | ) | |

This matter is before the court[1] on the motion of Plaintiff United States of America ("USA") to stay this civil forfeiture case pursuant to 18 U.S.C. § 981(g) while the companion criminal case, *United States v. Truman Lewis, et al.*, 2:12-cr-507-RMG, remains pending. ECF No. 66. No response to the Motion to Stay has been filed.

I.  Background

The USA filed this civil forfeiture action in rem pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C) on June 22, 2011, seeking the forfeiture of property alleged to be the proceeds of wire fraud and health care fraud and involved in money laundering. ECF No. 1. The properties sought in the forfeiture are listed in a separate exhibit to the Complaint and include the following: 1) ten vehicles; 2) funds from fifteen banks and/or certificates of deposit; 3) the residential real property of Truman L. Lewis at 5531 Linda Vista Lane, Charlotte, North Carolina; and 4) the residential real property of Harry T. Lewis described as 3.98 acres located in Williamsburg County, South Carolina (collectively "Defendant Properties"). *See* ECF No. 1-1. The fraud scheme involves allegations that Claimant

---

[1] This matter was referred to the undersigned for all pretrial management and handling of motions on January 1, 2012. ECF No. 63; *see also* ECF No. 42 (initial reference to United States Magistrate Judge Shiva V. Hodges).

Truman Lewis and others defrauded the South Carolina Medicaid Program ("SC Medicaid ") through Helping Hands Youth & Family Services ("HHYFS"), an organization that indicated it provided services to at-risk youth under SC Medicaid's Children's Behavioral Health Services program. *See* ECF No. 1.  Truman Lewis and Harry Lewis have filed responsive pleadings contesting civil forfeiture of the Defendant Properties. ECF Nos. 61-62.

On June 5, 2012, a federal grand jury in the Columbia Division of this District returned an indictment against Truman Lewis and others for conspiracy, fraud, and money laundering related to their alleged involvement in the same fraud scheme underlying this civil action. *See United States v. Truman Lewis, et al.*, Cr. No. 2:12-507-RMG. The indictment includes a forfeiture allegation identifying the same properties for proposed criminal forfeiture as the Defendant Properties in this civil action.  The criminal case is pending before the Honorable Richard M. Gergel.

On July 24, 2012, Harry T. Lewis ("Claimant") filed a "Notice for Request to Return Funds From Dennis Trevon Lewis Estate," which the court construes as a Motion to Return Funds. ECF No. 65. On July 31, 2012, the USA filed a Motion to Stay Civil Case Pursuant to 18 U.S.C. § 981(g). On August 13, 2012, the USA filed its Response to the Motion to Return Funds. ECF No. 71. Because the court finds it appropriate to grant the USA's Motion to Stay, it does not offer a proposed ruling on the Motion to Return Property at this time.

II. Analysis

The USA seeks an order staying this civil forfeiture action while the parallel criminal matter is pending, claiming that to permit the civil matter to proceed through the discovery process will adversely impact the United States' ability to prosecute the criminal matters. The USA relies on 18 U.S.C. § 981(g), which provides in pertinent part:

> (g) (1) Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if it determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.
> (2) Upon the motion of a claimant, the court shall stay the civil forfeiture proceeding with respect to the claimant if the court determines that - -
> 
>  (A) the claimant is the subject of a related criminal investigation or case;
>  (B) the claimant has standing to assert a claim in the civil forfeiture proceeding; and
>  (C) the continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case.
> 
> . . .
> 
> (4) In this subsection, the terms "related criminal case and "related criminal investigation" mean an actual prosecution or investigation in progress at the time at which the request for the stay, or any subsequent motion to lift the stay is made. In determining whether a criminal case or investigation is "related" to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors.

18 U.S.C. § 981(g)(4). As explained by the USA, this statute was enacted as part of the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), and is intended to provide both the USA and claimants protection of their rights in forfeiture proceedings.

In support of its Motion to Stay, the USA submits that the forfeiture proceeding should be stayed because civil discovery could have an adverse impact on the related criminal case. In support, the USA provides a declaration of Assistant United States Attorney Winston Holliday, the lead prosecutor in *United States v. Truman Lewis, et al.*, 2:12-cr-507-RMG. ECF No. 66-1. AUSA Holliday declares that the criminal matter and this civil forfeiture matter are "related, parallel actions, based upon the same legal theories, witnesses, and evidence." *Id.* AUSA Holliday further states that the two matters involve the same properties and that if the forfeiture matter were not stayed, he believes any ensuing civil

3

discovery "would adversely affect the government's criminal prosecution." *Id.* The USA also submits that Claimants could be prejudiced if the civil forfeiture matter were not stayed at this time. *See* ECF No. 66 at 8-10.

Claimants have filed no response to the USA's Motion to Stay. Further, in their Answers to Complaint for Forfeiture In Rem, ECF Nos. 61-62, Claimants Harry T. Lewis and Truman L. Lewis acknowledge their involvement "in an ongoing investigation," and "assert[] Fifth Amendment privilege to the answering of all paragraphs" in the Complaint. *Id.* at 2.

The court finds that to permit this civil forfeiture action to proceed while the related criminal matter is pending potentially would adversely impact the Government's prosecution of the criminal matter. Further, Claimants' interests could be adversely impacted. Accordingly, as mandated by 18 U.S.C. § 981(g)(1), the court grants the USA's Motion to Stay, ECF No. 66.

III.   Conclusion

For the foregoing reasons, the USA's Motion to Stay, ECF No. 66, is GRANTED. The Clerk is instructed to STAY this matter until further court order. The USA is ordered to file a motion requesting that the stay be lifted when the related criminal matter has ended or when the stay is no longer required, whichever is sooner.

IT IS SO ORDERED.

September 13, 2012                                              Kaymani D. West
Florence, South Carolina                                      United States Magistrate Judge

4